

1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
Telephone: 602-285-5000
Facsimile: 844-670-6009
http://www.dickinsonwright.com

Jamie L. Halavais
JHalavais@dickinsonwright.com
602-285-5095

August 22, 2025

**VIA ECF**
Honorable Pamela K. Chen
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

      Re:    *See, et al. v. Gov't Emps. Ins. Co., et al.*, Case No. 2:21-cv-547-PKC-AKT

Dear Judge Chen:

      Plaintiffs' Second Amended Class Action Complaint (Doc. 123) ("SAC") fails to plausibly allege its four claims. Under Your Honor's Practice Rules 2.A and 3.A, Defendants respectfully request a Pre-Motion Conference to file a Motion to Dismiss the SAC under Rule 12(b)(6).

      To allege Counts I and III, Plaintiffs must plausibly allege Defendants <u>underpaid</u> their respective total loss claims. *Kronenberg v. Allstate Ins. Co.*, 743 F. Supp. 3d 465, 488 (E.D.N.Y. 2024) ("issue of underpayment is critical," breach of contract claim hinges on it); *Drummond v. Prog. Spec. Ins. Co.*, 142 F.4th 149, 152 (3d Cir. 2025) (proving insurer "undercompensated each class member . . . is the dispositive question of [] liability for breach of contract"); *Prudhomme v. GEICO Gen. Ins. Co.*, No. 15-0098, 2020 WL 13786253, at *8, *10 (W.D. La. Dec. 22, 2020) (denying certification where plaintiffs must prove underpayment to prove breach of contract), *aff'd* No. 21-30157, 2022 WL 510171, *1 (5th Cir. Feb. 21, 2022); *Desai v. GEICO Cas. Co.*, 574 F. Supp. 3d 507, 535 (N.D. Ohio 2021) (same); *Curtis v. GEICO Cas. Co.*, No. ELH-22-1857, 2023 WL 2712608, at *15-17 (D. Md. Mar. 29, 2023) (plaintiffs failed to allege underpayment where policy and state law did not prohibit reducing the vehicle's value due to its condition); *Buckley v. GEICO Indem. Co.*, No. 2023 CC 003114 CL, Order Granting MTD at 2-3 (Fla. Osceola Cty. Ct., Dec. 12, 2023) (CCC's use of condition adjustment complies with Florida law), *aff'd* No. 6D2024-0088 (Fla. 6th DCA May 20, 2024); *Richardson v. Prog. Am. Ins. Co.*, No. 2:18-cv-715-Ftm-99MRM, 2022 WL 154426, at *10 (M.D. Fla. Jan. 18, 2022) (no breach of contract claim "[u]nless the total-loss settlement amount was actually less than claimant was due"); *Khurana v. Wahed Invest, LLC*, No. 18-CV-233 (LAK) (BCM), 2019 WL 1430433, at *11 (S.D.N.Y. Feb. 26, 2019) (conclusory allegation defendant "failed to pay" insufficient to allege it "actually breached").

      For Counts II and IV, Plaintiffs must plausibly allege a deceptive practice "w[as] likely to mislead a reasonable consumer acting reasonably under the circumstances," *i.e.* "a <u>significant portion</u> of the general consuming public" would be misled, and the deceptive practice caused them to "suffer[] actual injury." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013); *Kennedy v. Mondelez Glob. LLC*, No. 19-CV-302-ENV-SJB, 2020 WL 4006197, at *9 (E.D.N.Y. July 10, 2020); *City of N.Y. v. Smokes-Spirits.com, Inc.*, 911 N.E. 2d 834, 839 (N.Y. Ct. App. 2009).

      Defendants' duty under the Policies is to pay for the "***loss***," which is different from the <u>limit</u> on that duty to not exceed "***actual cash value***." Doc. 123-5 at 16-17. The SAC misleadingly conflates the Policies' coverage-granting provision with the limit of liability provision, *e.g.*, Doc. 123 ¶ 113, mistaking "a liability ceiling for a floor." *Barlow v. Gov't Emps. Ins. Co.*, No 19CV33349PKCRML, 2020 WL 5802274, at *4 (E.D.N.Y. Sept. 29, 2020). Count I's failure to even reference Defendants' duty, or plausibly allege Defendants underpaid that duty, warrants

dismissal. *See* Doc. 123 (not alleging underpayment of any "**loss**"); *Matusovsky v. Merrill Lynch*, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) (allegations contradicted by complaint's exhibits fail).

Contrary to the SAC, *e.g.*, Doc. 123 ¶¶ 6, 49, the CCC Reports document, disclose, and explain a "Condition Adjustment" was applied to "set[] that comparable vehicle to Average Private condition, which the loss vehicle is also compared to in the Vehicle Condition section." Docs. 123-7 to 123-10; *see Signor v. Safeco Ins. Co. of Ill.*, 72 F.4th 1223, 1230 n.4 (11th Cir. 2023); *Curtis*, 2023 WL 2712608 at *17. The SAC is contradicted by the CCC Reports. For example, CCC's estimate of Plaintiff Nahm's vehicle's value was only $65 less than a dealer-advertised comparable vehicle, <u>not</u> $936 less. *Compare* Doc. 123 ¶¶ 69-70, *with* Doc. 123-9 at 4, 9-12.

The SAC has no non-conclusory allegation to plausibly conclude the adjustment is not correct or proper—speculating the vehicles <u>might</u> be worth more is insufficient. *Lynch v. City of N.Y.*, 952 F.3d 67, 78 (2d Cir. 2020); *Drummond*, 142 F.4th at 157 ("the only way" challenged adjustments "violated the contract is if, in the course of applying them," insurer underpaid the amount owed). For example, the SAC does not plausibly allege any of the comparables were in worse condition than CCC reported, Plaintiffs' vehicles were in better condition than Defendants reported after inspection, or anything else that affects vehicle values. *See* Doc. 123; *Drummond*, 142 F.4th at 159; *Schroeder v. Prog. Paloverde Ins. Co.*, No. 24-1559, 2025 WL 2083855, at *7 (7th Cir. July 24, 2025); *Curtis*, 2023 WL 2712608, at *15-19; *Kronenberg*, 743 F. Supp. 3d at 488. Count I fails to plausibly allege Defendants underpaid Plaintiffs' total loss claims.

Count II fails to plausibly allege misleading or deceptive conduct as the CCC Reports incorporated into the SAC show Defendants provided each Plaintiff documentation disclosing and explaining condition adjustments CCC used to develop its opinion of Plaintiffs' vehicles' values. Doc. 123-7 at 10-11; Doc. 123-8 at 10-11; Doc. 123-9 at 11-12; Doc. 123-10 at 10-11; *Kennedy*, 2020 WL 4006197, at *9 (when allegations "are materially inconsistent with the evidence a plaintiff relies on to make those allegations, a court may easily conclude" the claim fails). Plaintiffs, acting as reasonable consumers, could not be deceived by disclosed, explained adjustments. *Kennedy*, 2020 WL 4006197, at *9-11. The SAC's failure to plausibly allege underpayment also fails to plausibly allege injury. *Smokes-Spirits.com, Inc.*, 911 N.E. 2d at 839.

Count III fails because neither the Policies nor New York law require GEICO General or Government Employees to pay Plaintiffs Cristiano or Nahm, respectively, sales tax for their totaled <u>leased</u> vehicles. As Your Honor recognized, the duty under the Policies is to pay for "**loss**," defined as "direct and accidental loss of or damage to (a) the auto, including its equipment." Doc. 123-11 at 10-11; *Barlow*, 2020 WL 5802274, at *4. This coverage-granting provision is unambiguous— it "does not refer to 'replacement value'" nor promise to pay the taxes Plaintiffs Cristiano and Nahm seek. *Barlow*, 2020 WL 5802274, at *4. "***Actual cash value***" only "imposes a limit on GEICO's loss liability and not an obligation on GEICO to cover the ACV or all 'replacement costs.'" *Id.*; Doc. 123-11 at 12. The Policies do not reference sales tax, *see generally* Doc. 123-11, but New York law provides the Policies are "not deemed silent on the question of" sales tax for totaled leased vehicles. *Barlow*, 2020 WL 5802274, at *5 (applicable provisions of Insurance law deemed part of insurance contract); *see* Doc. 123-11 at 19 (incorporating NY law).

New York law provides the only sales tax owed as part of a vehicle's ACV are "monies paid or payable as sales tax on the item repaired or replaced." 11 NYCRR § 216.6(b). Assuming a duty to pay ACV (there is none), the "item[s] . . . replaced" are Cristiano's and Nahm's totaled <u>leased</u> vehicles. The SAC does not allege *any* monies were paid or payable as sales tax on the <u>leased</u> vehicles, *see* Doc. 123, because none were. New York Tax Law is clear: taxes paid to use (*i.e.*, rent) the vehicle for the lease's duration were paid on the lease <u>agreement</u>, not the value of

the leased <u>vehicle</u>. 20 NYCRR § 527.15(a) (tax owed on "total amount of the lease payments for the entire term of the lease"); *see* N.Y. Gen. Counsel Op. No. 5-4-84, 1984 WL 902056 (N.Y. Ins. Bul. May 4, 1984); *Barlow*, 2020 WL 5802274, at *6 & n.8 (NY Gen. Counsel Op. "further clarif[ies] what items are compensable as part of ACV"). Count III seeks to recover sales tax never incurred, which would "result[] in a windfall" and "be contrary to the fundamental purpose of insurance." *Woodhams v. Allstate Fire & Cas. Co.*, 453 F. App'x 108, 111 (2d Cir. 2012).

 Without an "obligation to pay" sales tax, Plaintiffs Cristiano and Nahm cannot prove GEICO General and Government Employees, respectively, breached their duty or Plaintiffs Cristiano and Nahm suffered any injuries. *Grice v. McMurdy*, 498 F. Supp. 3d 400, 409-10 (W.D.N.Y. 2020); *Khurana*, 2019 WL 140433, at *11. Count III also fails to plausibly allege underpayment. *See supra* re: Count I. Conclusory allegations GEICO General and Government Employees did not explicitly line-item an amount for sales tax, *e.g.*, Doc. 123 ¶ 131, do not plausibly allege underpayment for Plaintiffs Cristiano's and Nahm's total loss claims.

 Count IV fails because the SAC shows GEICO General and Government Employees told Plaintiffs Cristiano and Nahm in writing they would be paid $0.00 for sales tax. *Compare* Doc. 123-8 at 3, Doc. 120-1 at Ex. A at 5, Doc. 123-9 at 4, Doc. 123-9 at 19, *with* Doc. 123-6, Doc. 123-7 at 3, Doc. 123-10 at 3; *see also* Doc. 123 at 16-17. No reasonable consumer would be misled by an insurer explicitly informing them they would be paid $0.00 for sales tax. *Iqbal*, 556 U.S. at 678 (threadbare recitals supported only by conclusory statements fail); *Matusovsky*, 186 F. Supp. 2d at 400 (allegations contradicted by documents attached, incorporated, or integral to complaint fail); *Fink*, 714 F.3d at 742 (court "easily conclude[s]" GBL § 349 claim fails where allegations "are materially inconsistent" with allegedly deceptive practice); *Kennedy*, 2020 WL 4006197, at *11 ("disclosure remedies any ambiguity"). GEICO General and Government Employees had no duty to pay Plaintiffs Cristiano and Nahm sales tax and they failed to plausibly allege underpayment, so Count IV fails to allege injury. *Smokes-Spirits.com, Inc.*, 911 N.E. 2d at 839.

 Plaintiff Nahm's Counts II and IV are also untimely. They accrued June 1, 2018, when he received the CCC Report and documents containing all facts he now alleges and his statute of limitations expired June 1, 2021. Doc. 123-9; *e.g.*, Doc. 123 ¶¶ 10, 13; *Fero v. Excellus Health Plan, Inc.*, 502 F. Supp. 3d 724, 736 (W.D.N.Y. 2020). Plaintiff Cristiano's request to assert Count IV in July 2021 could not toll Plaintiff Nahm's expired statute of limitations. And because neither he nor Plaintiff See were insured by Plaintiff Nahm's insurer (Government Employees), had no valid claims against Government Employees, and could not represent a putative class of Government Employees insureds, they could not hold Plaintiff Nahm's place in line for the claim.

 Alternatively, the Court should strike from the SAC as immaterial and impertinent:

(1) Allegations re: GEICO Casualty. Without allegations or claims against Casualty, Plaintiffs cannot maintain class claims against Casualty just because it is related to named Defendants.
(2) Allegations re: improper group pleadings. Each Plaintiff can only sue the entity that caused their alleged injury and cannot sue other entities simply because they are related to that entity.
(3) Allegations re: third-party claimants. Coverages and duties owed to third-party claimants are entirely separate and distinct from those owed to first-party insureds—the only coverages and duties at issue in the SAC. Plaintiffs, all first-party insureds, cannot represent any class of third-party claimants, and no amount of discovery will alter this inevitable outcome.

 For these reasons, Defendants respectfully request the Court schedule a Pre-Motion Conference regarding Defendants' Motion to Dismiss and grant them leave to file the motion.

Sincerely,

DICKINSON WRIGHT PLLC

*/s/ Jamie L. Halavais*
Jamie L. Halavais (*pro hac vice*)
Dan W. Goldfine (*pro hac vice*)
1850 North Central Avenue, Ste. 1400
Phoenix, Arizona 85004
jhalavais@dickinson-wright.com
dgoldfine@dickinson-wright.com
Tel: (602) 285-5000

*Attorneys for Defendants*

cc: <u>All Counsel of Record</u>