FILED
CLERK

10/11/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EVERETT SEE, SALVATORE CRISTIANO,
EDWIN NAHM and SAMANTHA MILNER-KOONCE
on behalf of themselves and all others similarly situated,

               *Plaintiffs*,

         -against-

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO, GEICO
GENERAL INSURANCE COMPANY and
GEICO INDEMNITY COMPANY,

               *Defendants*.

-------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

21-cv-00547 (PKC) (JMW)

**A P P E A R A N C E S:**

    Hank Bates
    Tiffany Oldham
    Lee Lowther
    **Carney Bates & Pulliam, PLLC**
    One Allied Drive, Suite 1400
    Little Rock, AR 72202

        -and-

    Thomas M. Mullaney
    **The Law Office of Thomas M. Mullaney**
    530 Fifth Ave, 23rd Floor
    New York, NY 10036
    *Attorneys for Plaintiffs*

    Dan W. Goldfine
    Jamie L. Halavais
    **Dickinson Wright PLLC**
    1850 N. Central Avenue, Suite 1400
    Phoenix, Arizona 85004
    *Attorneys for Defendants*

**WICKS,** Magistrate Judge:

Everett See ("Mr. See") and Salvatore Cristiano ("Mr. Cristiano" and collectively, the "Plaintiffs") commenced this class action on behalf of themselves and all others similarly situated against Government Employees Insurance Company ("Government Employees") and its subsidiary GEICO General Insurance Company ("GEICO General") (collectively, the "Defendants") asserting breach of contract and violations of New York General Business Law ("NY GBL") § 349. (*See generally* ECF No. 21.) Recently, the Court granted leave for Plaintiffs to file their Second Amended Complaint (ECF No. 122)[1]. (*See* ECF No. 123.) Defendants have filed Objections to the undersigned's decision (ECF No. 125), which is opposed by Plaintiffs (ECF No. 126) and currently pending for decision before the District Judge. Subsequently, Defendants also filed a pre-motion conference letter regarding an anticipated motion to dismiss (ECF No. 127), which is likewise opposed by Plaintiffs (ECF No. 129).[2] Now before the Court are Plaintiffs' Motion to Compel (ECF No. 131), Defendants' Opposition (ECF No. 133), and (ii) Defendants' Motion to Stay Discovery (ECF No. 132) Plaintiffs' Opposition (ECF No. 134), and Defendants' Reply (ECF No. 135). For the reasons set forth below, (i) Plaintiffs' Motion to Compel (ECF No. 131) is **GRANTED in part** and **DENIED in part**, and (ii) Defendants' Motion to Stay (ECF No. 132) is **DENIED**.

---

[1] The operative Complaint now includes the following parties: (i) Plaintiffs Everett See, Salvatore Cristiano, Edwin Nahm and Samantha Milner-Koonce, and (ii) Defendants Government Employees Insurance Company d/b/a GEICO, GEICO General Insurance Company and GEICO Indemnity Company. (*See generally*, ECF No. 123.)

[2] The Hon. Judge Pamela K. Chen has deferred ruling on the pre-motion conference letters until after resolution of Defendants' appeal. (Electronic Order dated 9/3/2025.)

## THE LEGAL FRAMEWORK & DISCUSSION

### A. Defendants' Motion to Stay

Motions to stay are discretionary and are determined on a case-by-case basis. *See Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19-CV-9193 (PGG) (SLC), 2023 WL 5498962, at *4 (S.D.N.Y. Aug. 25, 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009) ("The decision to stay an action pending [an objection to a magistrate judge's ruling] is an 'exercise of judicial discretion ... dependent upon the circumstances of the particular case.'")). To assist in making a determination on whether a stay is appropriate, courts consider the following factors,

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*S.E.C. v. Citigroup Global Mkts. Inc.,* 673 F.3d 158, 162–63 (2d Cir. 2012).

These are the factors applied when a party requests a motion to stay while an appeal or objection is pending.[3] *See Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72–73 (S.D.N.Y. 2013) (quoting *U.S. S.E.C.*, 673 F.3d at 162) ("This latter standard is in accord with the standard used in requests for stays in other contexts, such as a stay of a court ruling pending the outcome of an appeal, which requires a 'strong showing that [the party moving for the stay] is likely to succeed on the merits.'")

Here, Defendants seek a stay of discovery pending a decision on Defendants' Objections to the undersigned's Memorandum & Order ("M&O") (*see* ECF Nos. 122, 125) because the

---

[3] The Court notes that both parties cite to the motion to stay standard when a dispositive motion is pending. Ordinarily, the Court would apply those same factors if the stay was premised on the anticipated motion to dismiss. However, this stay is requested directly in connection with the appeal pending before Judge Chen.

newly added claims fail as a matter of law. (ECF No. 132-1 at 1.) In addition, Defendants contend that Plaintiffs seek broad discovery regarding these claims that imposes significant burdens on Defendants, which may ultimately be unnecessary pending Judge Chen's decision. (*Id.*) To no surprise, Plaintiffs oppose asserting that this motion is "nothing more than a tactical bid to have this Court ratify Defendants' unilateral discovery holdout," and there is no good cause to stay discovery. (ECF No. 134 at 2.) A review of the four factors, warrants a denial of the requested stay.

*First*, Defendants have not made a strong showing that the Objections to the M&O will succeed. "It is well-settled that a magistrate judge's resolution of a non[-]dispositive matter should be afforded substantial deference." *Pugh-Ozua v. Springhill Suites*, No. 18-CV-1755 (RA), 2020 WL 6562376, at *3 (S.D.N.Y. Nov. 9, 2020) (quoting *Roth v. United States*, No. 09-CV-8712 (GBD) (LMS), 2011 WL 2947004, at *1 (S.D.N.Y. July 19, 2011)). Only when a magistrate judge abuses their discretion, will reversal be appropriate. *Id.* Defendants' Objections generally state that the Court in allowing the amendments to proceed erred as the newly added claims were contrary to law. (ECF No. 125.) The undersigned's M&O contained legal authority for the overall decision and Defendants have not outlined a strong showing that it shall be reversed. *See Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18-CV-1781 (PGG) (BCM), 2021 WL 1080673, at *2 (S.D.N.Y. Mar. 5, 2021) (finding that a strong showing was absent).

*Second*, Defendants will not be irreparably injured if this motion is denied. Importantly,

> [t]o support a stay pending appeal, the applicant must show injury that 'is neither remote nor speculative, but actual and imminent and cannot be remedied by an award of monetary damages. The potential for irreparable injury should be evaluated taking into account the possibility that the ruling sought to be stayed is erroneous.

4

*Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 123 (S.D.N.Y. 2012) (internal citations and quotations omitted).

      Defendants focus on the undue burden of discovery and the costs therein – not the showing required as set forth above. (ECF No. 135 at 1.) Indeed, the above first two factors are considered the most critical. *See In re Pidwell for an Ord. Seeking Discovery from Centerbridge Partners L.P.*, No. 21-MC-0166 (ALC) (KHP), 2022 WL 443632, at *1 (S.D.N.Y. Feb. 14, 2022) ("Nevertheless, given that the first two factors are the most critical and Respondents failed to carry their burden, the Court finds that the circumstances do not warrant a stay of discovery.") However, the Court will continue its analysis. *Third*, Plaintiffs oppose this stay arguing it will prejudice Plaintiffs and delay the action further. (ECF No. 134 at 7.) As Plaintiffs put it, "granting a stay of discovery would materially prolong this Action and further delay Plaintiffs' ability to marshal evidence and pursue class certification." (*Id.*) *Lastly*, there is a public interest in quick resolution of cases and while at the same time, focusing on judicial economy. *See Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 235 (S.D.N.Y. 2016) (internal citations omitted) ("the public interest favors a speedy trial and resolution of this matter.") Yet, as this case has not made much movement apart from motion practice, it would serve the public and potential class members to deny the stay. *See id.* ("However, this argument for judicial efficiency would apply to every motion to stay pending an appeal if the court assumes that the appeal will necessarily result in a reversal.") Given the above, a reversal is unlikely, and this now four-year-old case need not another halt. Accordingly, the Motion to Stay is denied and the Court now considers Plaintiffs' Motion to Compel.

B. **Plaintiffs' Motion to Compel**

"Motions to compel are left to the court's sound discretion." *Bartlett v. DeJoy*, No. 22-CV-03398 (GRB)(JMW), 2023 WL 3306963, at *1 (E.D.N.Y. May 7, 2023) (citation omitted). Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Pincus Law Group, PLLC v. MJ Connections, Inc.*, No. 23-cv-05528 (SJB) (JMW), 2025 WL 1070384, at *2 (E.D.N.Y. Apr. 9, 2025) (quoting *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)) (quoting Fed. R. Evid. 401). "'Relevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense.'" *Muslims on Long Island, Inc. v. Town of Oyster Bay*, No. 25-cv-00428 (SJB) (JMW), 2025 WL 1808677, at *3 (E.D.N.Y. July 1, 2025) (quoting *Goss v. E.S.I. Cases & Accessories, Inc.*, No. 18-CV-2159 (GBD)(JLC), 2019 WL 3416856, at *2 (S.D.N.Y. July 30, 2019)).

Moreover, Fed. R. Civ. P. 34 mandates production of responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Encompassed within this mandate is the obligation to make efforts to obtain information within its legal reach. If a party has the "practical ability to obtain and produce the documents" then it has "possession, custody, or control" over such document. *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No.

6

21-CV-9472 (JGK) (KHP), 2022 U.S. Dist. LEXIS 154197, at *4-5 (S.D.N.Y. Aug. 26, 2022). It is under this framework that the Court considers each of Plaintiffs' requests.

Here, Plaintiffs seek an order compelling Defendants to provide substantive responses and documents in response to Plaintiffs' document demands and interrogatories as well as to overrule Defendants' objections. (ECF No. 131 at 1.) Defendants oppose arguing relevancy, and that pending the Objection before Judge Chen, engaging in discovery is burdensome. (ECF No. 133 at 1-2.)

Plaintiffs aver that all the document requests and interrogatories are relevant to their sales-tax claims and Rule 23 class allegations. (ECF No. 131 at 2.) Plaintiffs outline that these discovery demands fall into categories as follows:

> (1) policy provisions and language, claims handling practices, and materials related to calculations of ACV and sales-tax for total loss claims including differences, if any, if the loss vehicle is owned, financed, or leased, and any distinctions for first-party and third-party claimants (*see* RFP Nos. 1 and 4-6 and Interrogatories Nos. 2-3),
>
> (2) data fields and data points related to ascertaining putative class members and class damages and associated data dictionaries (*see* RFP Nos. 2-3),
>
> (3) communications with New York regulators and claims handbooks, and documents concerning Defendants' stated shift to begin paying sales tax on leased total loss vehicles (*see* RFP Nos. 7-8),
>
> (4) non-privileged documents from prior litigation that involve the same issues here (*see* RFP Nos. 9-11 and Interrogatory No. 4), and
>
> (5) identification of individuals providing responses (*see* Interrogatory No. 1).

(*Id.*; 131-1.)

Defendants address only requests for production numbers 2, 5-7, and 9-11, as well as interrogatories 2 through 4 in their opposition. (*See* ECF No. 133.) However, the Court reviews all objections made in the attached Exhibit to the motion. (See ECF No. 131-2.)

7

**Requests Number One & Two**

Request One seeks "[d]ocuments sufficient to demonstrate all iterations of automobile insurance policy provisions related to adjusting total loss claims You or any GEICO Company issued in New York during the Class Period." (ECF No. 131-1 at 3.) Defendants object arguing it is "premature because there is no viable complaint in this lawsuit." (ECF No. 131-2 at 13.) Request Two seeks,

> [d]ocuments and databases sufficient to identify all members of the putative Sales Tax Classes and the tax rate applicable at the time of loss to the jurisdiction of each member's loss vehicle's principal place of garage and the "Tax Refund Amount," if any, paid on their claim, including, but not limited to, the following information related to every total loss of a leased vehicle during the Class Period on a policy of insurance issued by You or any GEICO Company to a New York resident:[4]

(ECF No. 131-1 at 3-5.)

Defendants likewise object to this request as premature, futile, not relevant, burdensome, nonproportional and vague. (ECF No. 131-2 at 17-24.) These objections are improper. It is well known that objections are to be specific. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."); *see also United States ex rel. Rubar v. Hayner Hoyt Corp.*, No. 14-CV-830 (GLS) (CFH), 2018 WL 4473358, at *1 (N.D.N.Y. Sept. 18, 2018) ("courts place a strict burden on a party resisting discovery, as [a]n objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded.") Request One is limited in temporal scope, and is relevant to the claims at hand, namely Defendants' practices in connection with adjusting total loss claims. As for Request Two, the requests are relevant as well

---

[4] Plaintiffs then list a host of subsections regarding specific information sought.

8

for the same reason. In addition, the Court has found that the allegations in the Second Amended Complaint are not futile and may proceed. (ECF No. 122.) However, Plaintiffs are to provide an updated "Class Period" to Defendants because as it stands now, the "Class Period" is defined as "January 5, 2015 to the present," which is not applicable under the statutes of limitation for the claims pursued, i.e., breach of contract. (*See* ECF Nos. 131-1 at 2; 133 at 2-3.) As for any burdensome argument, "[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *N. Shore-Long Island Jewish Health Sys., Inc. v. MultiPlan, Inc.*, 325 F.R.D. 36, 48 (E.D.N.Y. 2018) (collecting cases).

Accordingly, Plaintiffs are to limit the Class Period, and Defendants are to provide responsive documents relevant to Requests Number One and Two.

**Request Number 3**

Request Number Three seeks "[a]ll data dictionaries and training Documents sufficient to understand the Documents and data produced in response to Request for Production No. 2." (ECF No. 131-1 at 5.) Defendants again argue this request is premature and the definition of the phrases within are vague. (ECF No. 131-2 at 25-26.) For the reasons stated above, premature is not a proper objection and does not absolve discovery obligations. However, the Court does not find the relevancy in this request. If upon production of documents responsive to Request Number Two, Plaintiffs would like to renew their application as to this portion, they may do so. Accordingly, Plaintiffs' request to compel responses to Request Number Three is denied.

**Requests Number 4 through 6**

Request Number Four seeks "[d]ocuments sufficient to show the manner in which You or any GEICO Company determines how much a Claimant is owed in sales tax, including whether the manner is different if the loss vehicle is owned, financed, or leased or if the Claimant is a

9

third-party." (ECF No. 131-1 at 5.) Request Number Five seeks "[d]ocuments sufficient to show whether You or any GEICO Company charges a different premium depending on whether an "Owned auto," (ECF No. 21-5 at Policy p. 9 of 23), is owned, financed, or leased." (*Id.*) Request Number Six seeks "[d]ocuments sufficient to show how You or any GEICO Company notates whether an "Owned auto," is owned, leased, or financed." (*Id.* at 6.)

Defendants object to Requests Number Four and Six arguing prematureness and that the request is overbroad. (ECF No. 131-2 at 26-30; 36-38.) Defendants object to Request Number Five arguing the same and futility. *(Id.* at 33-35.) As for any futility or premature argument, these objections are improper for the same reasons previously discussed. However, given the similarity in all three requests, it appears that the requests are redundant and overbroad. Plaintiffs may not seek every document that Defendants may have just because it may be relevant. It must be proportionate as well. These requests do not set a timeframe or something of similar nature to lessen the burden. Moreover, Request Four is sufficient without the need to burden Defendants with documents sought from Requests Five and Six. Plaintiffs are also warned not to engage in a classic fishing expedition. *See Avila v. Target Corp.*, No. 21-CV-907 (PKC)(JMW), 2022 WL 14763013, at *2 (E.D.N.Y. Oct. 25, 2022) (collecting cases on unsupported demands for fishing expeditions).

Accordingly, Plaintiffs are to limit the timeframe and scope of Request Four prior to any document exchange by Defendants and Plaintiffs' request for Five and Six are deemed not proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

**Request Number 7**

Request Number Seven seeks "[a]ll Documents, regardless of the date, exchanged between You and any regulator in the State of New York Concerning the amount of sales tax an

10

insurer owes on a totaled vehicle subject to a lease." (ECF No. 131-1 at 6.) Defendants object arguing it is overbroad, unduly burdensome, nor is it relevant or proportional. (ECF No. 133 at 3.) The Court agrees. The clear language of this request – "regardless of the date" – indicates that the Plaintiffs seek discovery that is not proportionate to the case at hand. This seeks third-party correspondence (documents between Defendants and any regulator) and at this stage, it is unclear whether it would be admissible. *See Hedgeye Risk Mgmt., LLC v. Dale*, No. 21-CV-3687 (ALC) (RWL), 2023 WL 4353076, at *4 (S.D.N.Y. July 5, 2023) (internal citations omitted) ("discovery that is not likely to lead to the discovery of admissible evidence necessarily diminishes its 'importance ... in resolving the issues,' … [and] factors weigh against a finding that the discovery sought is 'proportional to the needs of the case.'"). Accordingly, Plaintiffs' motion to compel Defendants as to Request Number Seven is denied.

**Request Number 8**

Request Number Eight seeks "[d]ocuments Concerning Your decision to, 'on or around September 1, 2020,' 'beg[i]n issuing payment for sales tax on the amount [You] and the insured agreed to as the actual cash value of the leased vehicle that was deemed to be a total loss.'" (ECF No. 131-1 at 6.) Defendants object using the same premature argument, and thus, it is improper for the reasons discussed above. (ECF No. 131-2 at 41.) Accordingly, Defendants are to produce responsive documents in connection with this request.

**Requests Number 9 through 11**

Request Number Nine seeks

[u]nredacted copies of the following depositions filed as Exhibits to the Declaration of Joseph N. Kravec, Jr. in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel in *Marcelletti v. GEICO Gen. Ins. Co.*, Case No. 6:23-cv-6211-EAW-CDH (W.D.N.Y.)

- Kevin Costigan, taken on November 22, 2024;

11

- Mindy West, taken on December 9, 2024; and
- David Antonacci, taken on December 6, 2024.

(ECF No. 131-1 at 6.)

Request Number Ten seeks "[u]nredacted copies of Exhibits 10–16 to the Declaration of Joseph N. Kravec, Jr. in Support of Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel in *Marcelletti v. GEICO Gen. Ins. Co.*, Case No. 6:23-cv-6211-EAW-CDH (W.D.N.Y.)." (*Id.*) Lastly, Request Number Eleven seeks, "[u]nredacted copies of the eight claims handbooks the court compelled production of in *Marcelletti v. GEICO Gen. Ins. Co.*, Case No. 6:23-cv-6211-EAW-CDH, ECF No. 159 (W.D.N.Y.)." (*Id.*)

First, Defendants point out that some of the Exhibits that Plaintiffs seek are publicly available. (ECF No. 133 at 4.) As such, Plaintiffs may obtain these records without Defendants. Next, Plaintiffs are essentially seeking what is known as "cloned discovery" from the *Marcelletti* case, which Defendants oppose as some of these documents are confidential or under seal. (*Id.*)

"[N]umerous courts have found that requests for 'all' documents produced in another litigation, so-called 'clone [or] 'copycat' discovery, are inherently overbroad requests requiring the Court to considerably scale back the information that a producing party must produce from another litigation or deny it entirely on the ground that a party must do its own work." *In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, 347 F.R.D. 572, 583 (E.D.N.Y. 2024) (quoting *United States v. Anthem, Inc.,* No. 20-CV-2593 (ALC)(KHP), 2024 WL 1116276, at *4 (S.D.N.Y. Mar. 13, 2024)) (collecting cases). Notably, motions to compel this cloned discovery are granted only "the requests are narrowly tailored to request discovery from another case that is essentially identical and deny requests to compel discovery from another case 'merely because there are some similarities between cases.'" *Id.* (citing *Scricca v. Boppy Co., LLC*, No. 22-CV-

12

01497 (RNC), 2024 WL 1211061, at *6 (D. Conn. Mar. 21, 2024)). (discussing *Sticht v. Wells Fargo Bank, N.A.*, No. 20-CV-1550 (VAB), 2023 WL 2206641 (D. Conn. Feb. 24, 2023)).

Plaintiffs aver that the *Marcelletti* case concerned the same issues as here. (ECF No. 131 at 4.)  Although, Plaintiffs' requests are narrowly tailored and seek limited documents, the reasoning offered to compel such discovery is simply not enough. *See Bartlett v. Societe Generale de Banque au Liban SAL*, No. 19-CV-00007 (CBA) (TAM), 2023 WL 8828864, at *1 (E.D.N.Y. Dec. 21, 2023) (denying motion to compel documents from another litigation). Plaintiffs may renew this portion of the application if necessary at a later point with a more detailed outline of any similarities between the cases.

Accordingly, Plaintiffs' application to compel responses to Requests Nine through Eleven is denied.

**<u>Interrogatory 1</u>**

Interrogatory Number One states "[i]dentify all individuals who assisted with answering these interrogatories." (ECF No. 131-1 at 7.) Defendants objected to this arguing it is overbroad. (ECF No. 131-2 at 49.) This request is not overbroad just because it has the word "all" included therein. Plaintiffs may seek such information, but Defendants do not have to identify each person who assisted. Rather, those individuals who provided substantial assistance. *See Othon v. Wesleyan Univ.*, No. 18-CV-00958(KAD), 2019 WL 13291271, at *2 (D. Conn. Nov. 25, 2019) ("What plaintiff needs, and what must be disclosed, is the names of any individuals who provided 'substantial assistance' in preparing these responses. Plaintiff may then conduct her own inquiry of these individuals.") Therefore, Defendants are to provide a responsive answer.

**Interrogatories 2 through 4**

Interrogatory Number Two states "[a]re there any differences among the GEICO Companies in how they determine the amount a Claimant is owed in sales tax, including whether the manner is different if the loss vehicle is owned, financed, or leased or if the Claimant is a third-party." (ECF No. 131-1 at 7.) Interrogatory Number Three states "[i]dentify by Bates Number all Documents showing the differences, if any, Identified in Interrogatory No. 2. (*Id.*) Lastly, Interrogatory Number Four states "[i]dentify by Bates Number all provisions in the claims handbooks responsive to Request for Production No. 11 that do not apply to You and all GEICO Companies." (*Id.*) Defendants objected to these three interrogatories as overbroad, unduly burdensome, not proportional, non-relevant, and are not narrowly tailored. (ECF No. 133 at 3.)

Similar to document demand objections, interrogatory objections must also be specific and not boilerplate. *See Sound Around, Inc. v. Friedman*, No. 24-CV-1986 (DLC) (KHP), 2025 WL 2588637, at *3 (S.D.N.Y. Sept. 8, 2025); *see also Cranmore v. Parts Auth., LLC*, No. 24-CV-5842 (LJL), 2025 WL 622607, at *1 (S.D.N.Y. Feb. 26, 2025) (quoting *Pegoraro v. Marrero*, 281 F.R.D. 122, 128–29 (S.D.N.Y. 2012) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, while producing no documents and answering no interrogatories are a paradigm of discovery abuse.")).

Interrogatory Two is not overbroad and seek relevant information as to Plaintiffs' claims. Specifically, to Plaintiffs' new claims regarding sales tax. However, Interrogatory Three should be narrowly tailored to include only the documents that are relevant to the parties' claims and defenses but not all documents in connection with Interrogatory Two. *See* Fed. R. Civ. P.

26(b)(1). Finally, as for Interrogatory Four, the Court ruled above that Request for Production Eleven shall not be compelled. It therefore follows that this Interrogatory is moot.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel (ECF No. 131) is **GRANTED in part** and **DENIED in part** as set forth above, and Defendants' Motion to Stay (ECF No. 132) is **DENIED**.

Dated:  Central Islip, New York
       October 11, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
    JAMES M. WICKS
  United States Magistrate Judge