**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

EVERETT SEE, SALVATORE CRISTIANO,
EDWIN NAHM and SAMANTHA MILNER-KOONCE
on behalf of themselves and all others similarly situated,

                  *Plaintiffs*,


            -against-

GOVERNMENT EMPLOYEES INSURANCE
COMPANY d/b/a GEICO, GEICO
GENERAL INSURANCE COMPANY and
GEICO INDEMNITY COMPANY,

                 *Defendants*.

------------------------------------------------------------------X

FILED
CLERK

**11/5/2025**

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

<u>**ORDER**</u>
21-cv-00547 (PKC) (JMW)

**A P P E A R A N C E S :**

    Edwin Lee Lowther, III
    **Carney Bates & Pulliam, PLLC**
    One Allied Drive, Suite 1400
    Little Rock, AR 72202
    *Attorneys for Plaintiffs*

    Dan W. Goldfine
    Jamie L. Halavais
    **Dickinson Wright PLLC**
    1850 N. Central Avenue, Suite 1400
    Phoenix, Arizona 85004
    *Attorneys for Defendants*

**WICKS,** Magistrate Judge:

     Plaintiffs Everett See, Salvatore Cristiano, Edwin Nahm and Samantha Milner-Koonce

on behalf of themselves and all others similarly situated bring claims against Defendants

Government Employees Insurance Company d/b/a GEICO, GEICO General Insurance Company

and GEICO Indemnity Company for *inter alia*, breach of contract and New York General

1

Business Law § 349. (*See generally*, ECF No. 123.) Recently, the Court granted in part and denied in part Plaintiffs' Motion to Compel (ECF No. 131) and denied Defendants' Motion to Stay (ECF No. 132). (*See* ECF No. 136.) Now the parties seek reconsideration on the rulings issued. Thus, presently before the Court are Plaintiffs' Motion for Reconsideration (ECF No. 137), Defendants' Opposition (ECF No. 139), and (ii) Defendants' Cross Motion for Reconsideration (ECF No. 138), and Plaintiffs' Opposition (ECF No. 140). For the reasons set forth below, (i) Plaintiffs' Motion for Reconsideration (ECF No. 137) and (ii) Defendants' Cross Motion for Reconsideration (ECF No. 138) are **DENIED**.

## LEGAL FRAMEWORK

Motions for reconsideration may be filed pursuant to Fed. R. Civ. P. 59(e) or 60(b), as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Under Local Rule 6.3, a party has fourteen days following the entry of a court order to serve a notice of motion with an accompanying memorandum, that sets forth succinctly the issues, facts, or laws that were overlooked.  Loc. Civ. R. 6.3. Failure to comply with these requirements warrants denial of the motion. *See R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."). The standards for reconsideration under Local Rule 6.3 and Fed. R. Civ. P. 59 are one of the same. *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 394 n.2 (S.D.N.Y. 2016).

Even if considered, a motion for reconsideration "is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have

reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd*., 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted).  Notably, "[a] party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration." party may not advance new facts, issues[,] or arguments not previously presented to the Court on a motion for reconsideration." *Superior Site Work, Inc. v. NASDI, LLC*, No. 14-CV-01061 (ADS) (SIL), 2017 WL 2242872, at *2 (E.D.N.Y. May 22, 2017) (quoting *Steinberg v. Elkman*, 2016 WL 1604764, at *1 (S.D.N.Y. Apr. 6, 2016))  (internal quotations omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P*., 684 F.3d 36, 52 (2d Cir. 2012) (citations omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.  Put simply, a reconsideration motion is not appropriate to simply secure a "do-over."  *See Schansman v. Sberbank of Russia PJSC*, No. 19-CV-2985 (ALC) (GWG), 2025 WL 1288670, at *2 (S.D.N.Y. May 5, 2025) (collecting cases) (Parties are "barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.")

All that said, reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr*., 729 F.3d 99, 104 (2d Cir. 2013) (same); *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (same).  The question, therefore, is whether any of these grounds have been met, keeping in mind that it is within the sound discretion of the district court to decide whether to grant a motion for reconsideration.  *See Gupta v. Attorney Gen. of United*

*States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); *Rivas v. Melecio*, No. 23-CV-05718 (JMA), 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024).

Reconsideration "must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues." *In re Bouka*, 654 F. Supp. 3d 283, 286 (S.D.N.Y. 2023) (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016)). Thus, "[a] narrow application of the rule not only 'helps [] to ensure the finality of decisions,' but also 'prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Id.* (quoting *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 376 (S.D.N.Y. 2007)).

Keeping these principles in mind, the Court considers the instant motion.

## **DISCUSSION**

Plaintiffs seek reconsideration of this Court's October 11, 2025 Memorandum & Order (*see* ECF No. 136) that granted in part and denied in part, the motions filed at ECF Nos. 131 (Plaintiffs' Motion to Compel) and 132 (Defendants' Motion to Stay). Each ground proffered for reconsideration is discussed below. However, the Court must first determine if the parties' motions are procedurally proper. Here, Plaintiffs do not cite which rule they move pursuant to for reconsideration. (ECF No. 137.) Whereas Defendants cross-move pursuant to Local Rule 6.3. (ECF No. 138.)

Local Rule 6.3 states "a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged," which is complied with here. *See* Loc. Civ. R. 6.3.[1] Likewise, under Fed. R. Civ. P. 59(e), the Motion is procedurally proper. *See* Fed. R.

---

[1] Importantly, the undersigned's rules explicitly state "[a]ny motion seeking (i) a stay of discovery; (ii) the sealing of court documents; or (iii) other non-dispositive relief, such as motions for leave to amend, shall be made in accordance with Rule 3, *infra*, and not by letter motion under this rule." *See* Rule 3(A). Likewise, Loc. Civ. R. 6.3 states "a notice of motion for reconsideration must be served within 14 days

Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"); *see also Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017) (internal citations omitted) (collecting cases) ("Sigmon's motion papers state that his motion arises under Local Civil Rule 6.3. The Court will consider case law arising under both Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), because the standards for both are identical"). Since Rule 59 outlines the same standard for reconsideration as Local Rule 6.3 requires, the undersigned analyzes this motion under these rules together. *See Naiman v. New York Univ. Hosps. Ctr.*, No. 95-CV-6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr. 21, 2005) ("Motions for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure are governed by the same standards as those governing motions under Rule 6.3 of the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York."); *Henderson*, 502 F. Supp. 2d at 375 (same); *Levitant v. Workers Comp. Bd. of New York*, No. 16-CV-6990 (ER), 2019 WL 5853438, at *1 (S.D.N.Y. Nov. 8, 2019) ("'The standards for relief' under Rule 59(e) are 'identical' to those for motions for reconsideration under Local Civil Rule 6.3.")

Having determined that the motions were timely filed, the Court proceeds to analyze the merits of the motions. "The standard for granting a motion for reconsideration is strict: 'reconsideration will generally be denied unless the moving party can point to controlling

---

after the entry of the court's order being challenged. There must be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which the moving party believes the court has overlooked." *See* Loc. Civ. R. 6.3. Here, neither party has complied with the undersigned's rules or the local rule. However, for purposes of judicial economy and not having the parties resubmit the moving papers, the Court permits this letter motion as a *one-off* occasion. *See* Fed. R. Civ. P. 1 (stating that the federal rules of civil actions "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); *see also Mikhaylova v. Bloomingdale's Inc.*, No. 19-CV-8927 (GBD) (SLC), 2022 WL 17986122, at *2 (S.D.N.Y. Dec. 29, 2022) (allowing reconsideration motion in the form of a letter motion).

decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Cuomo v. Off. of the New York State Att'y Gen.*, 727 F. Supp. 3d 231, 234 (E.D.N.Y. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

I.    **Plaintiffs' Motion for Reconsideration**

Plaintiffs seek reconsideration on two portions of the undersigned's Order, namely, (1) requiring Plaintiffs to provide an updated Class Period to Defendants, and (2) denial of Plaintiffs' request for targeted discovery from the *Marcelletti* litigation. (ECF No. 137 at 1.)

On the first issue, Plaintiffs assert that "reconsideration is warranted because the defined Class Period correctly includes a start date of January 5, 2015, which is six (6) years prior to the filing date of Plaintiffs' Original Complaint (i.e. January 5, 2021)". (*Id.*) On the second matter, Plaintiffs further assert that "reconsideration is warranted because the targeted *Marcelletti* materials Plaintiffs seek—acknowledged by [the undersigned] to be narrowly tailored— involve the same issues (i.e. overlapping GEICO entities, the same standardized policy language, and the same uniform practice relating to sales tax on leased total loss vehicles), bear directly on disputed issues here, and will streamline discovery." (*Id.*)

As to point one, the Court issued a ruling stating "Plaintiffs are to provide an updated 'Class Period' to Defendants because as it stands now, the 'Class Period' is defined as 'January 5, 2015 to the present,' which is not applicable under the statutes of limitation for the claims pursued, i.e., breach of contract." (ECF No. 136 at 9.)

As to point two, the Court ruled that,

[a]lthough, Plaintiffs' requests are narrowly tailored and seek limited documents, the reasoning offered to compel such discovery is simply not enough. *See Bartlett v. Societe Generale de Banque au Liban SAL*, No. 19-CV-00007 (CBA) (TAM), 2023 WL 8828864, at *1 (E.D.N.Y. Dec. 21, 2023) (denying motion to compel documents from another litigation). Plaintiffs may renew this portion of the

application if necessary at a later point with a more detailed outline of any similarities between the cases.

(ECF No. 136 at 13.)

Interestingly here, Plaintiffs do not point to what the Court may have overlooked. The arguments made for reconsideration in sum are that (i) the Class Period relates back to the original complaint, and (ii) that the cloned discovery requested should have been granted. What is absent are any changed circumstances, new facts, or law or facts that the Court overlooked.

Notably, Plaintiffs did not present the Court with any arguments in opposition to Defendants' argument that the Class Period was overbroad given that Plaintiffs were on notice of this objection since Defendants' responses were provided (*see* ECF No. 131-2 at 11) and upon the filing of Defendants' opposition to the compel motion (*see* ECF No. 133 at 3).  While it is true that the undersigned's Individual Rules do not allow for replies on letter motions, the Court has granted motions for replies upon request. Plaintiffs had chosen not to do so, and now for the first time raise this issue. Therefore, as "a party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration," the Court declines reconsideration as to Plaintiffs' first matter. *Valentine v. Sperry Tents Hamptons*, No. 24-CV-03347 (SJB) (JMW), 2025 WL 1696967, at *3 (E.D.N.Y. June 17, 2025) (quoting *Superior Site Work, Inc.,* 2017 WL 2242872, at *1). Indeed, Defendants in their opposition to the instant motion argue that Plaintiffs have waived their objections. (ECF No. 139 at 1-2.) The Court agrees.  *See Pfizer, Inc. v. United States*, No. 16-CV-1870 (LGS), 2017 WL 4350581, at *1 (S.D.N.Y. June 30, 2017) (finding no adequate grounds exist for reconsideration); *see also id.* (quoting *Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) ("[A]rguments ... raised for the first time in [a] motion for reconsideration ... [are] not properly presented to the district court. Accordingly, they are waived.")).

7

Second, the Court again is not provided with an adequate reason to reconsider its thorough decision of declining to grant clone discovery from the *Marcelletti* action. Plaintiffs are essentially asking the Court to change its mind because they are not happy with the outcome. Unfortunately for Plaintiffs, a reconsideration motion is not appropriate to secure a "do-over." *See Zou v. Han*, No. 23-CV-02370 (JMA) (JMW), 2024 WL 3328589, at *5 (E.D.N.Y. July 8, 2024) (discussing that reconsideration motions are not vehicles for litigating the same issue again); *Santos v. Lidl US, LLC*, No. 24-CV-00611 (JMA) (ARL), 2025 WL 2917329, at *1 (E.D.N.Y. Oct. 14, 2025) (same).

Accordingly, Plaintiffs' application for reconsideration is denied given the lack of new evidence, or any facts overlooked or law misapplied. *See Volpe v. Ryder*, No. 19-CV-02236 (JMW), 2024 WL 1577935, at *4 (E.D.N.Y. Apr. 11, 2024) ("Reconsideration is appropriate if there is an intervening change of controlling law, new evidence comes to light not previously available, or to correct a clear error or prevent manifest injustice.")

**II.    <u>Defendants' Motion for Reconsideration</u>**

Defendants seek reconsideration on one portion of the undersigned's Order, specifically the portion that compelled Defendants to produce information responsive to the entirety of Plaintiffs' Request for Production Number 2. (ECF No. 138 at 1.) Defendants assert that the Order "overlooked the specific objections, argument, and legal authorities Defendants raised regarding the personally-identifiable information requested in subparts a), c), and g) of Request 2." (*Id.*)

Plaintiffs' Request for Production Number Two in relevant part states:

Documents and databases sufficient to identify all members of the putative Sales Tax Classes and the tax rate applicable at the time of loss to the jurisdiction of each member's loss vehicle's principal place of garage and the "Tax Refund Amount," if any, paid on their claim, including, but not limited to, the following information

related to every total loss of a leased vehicle during the Class Period on a policy of insurance issued by You or any GEICO Company to a New York resident:

a) Claimant's name

\*\*\*

c) Claimant's address (street, city, state, and zip code)

\*\*\*

g) Vehicle identification number (VIN) of loss vehicle.

(ECF No. 131-2 at 17.)

Tellingly, Defendants only copy and paste certain portions of their opposition to the prior motion to compel. The entire paragraph reads,

> [m]oreover, several requests are *not* relevant. Request 2 subparts a), c), and g) seek putative class members' personally identifying information, which is irrelevant to whether Plaintiffs can satisfy every Rule 23 prerequisite to class certification and which Plaintiffs have no current right to seek. Doc. 131-2 at 17, 25; *Dziennik v. Sealift, Inc.*, No. 05-CV-4659, 2006 WL 1455464, at \*1 (E.D.N.Y. May 23, 2006) (noting courts refuse discovery of class members' identities pre-certification, concerned plaintiffs' attorneys seek potential clients, not to support certification (collecting cases)); *Beaton v. Verizon N.Y., Inc.*, No. 20-CV-672, 2020 WL 6449235, at \*2-3 (E.D.N.Y. Nov. 3, 2020).

(ECF No. 133 at 2.)

Here, Defendants omit the first sentence, which they chose to lead with in their original opposition. (ECF No. 138 at 2.) The Court previously found that this request was "relevant to the claims at hand, namely Defendants' practices in connection with adjusting total loss claims." (ECF No. 136 at 8-9.) While the Court did not outright discuss Defendants' specific argument as to the "personally identifiable information", which is premised too on relevancy, the Court did issue a ruling on whether the documents sought are relevant. (*See id.*) In any event, Defendants' argument that Plaintiffs are not entitled to this information at the current stage is of no merit,

9

where Plaintiffs seek to move for class certification in the near future.[2]  Although, the cases that Defendants cite to in their original motion papers contend that such discovery should not be compelled (ECF No. 138 at 2), later cases state otherwise. *See e.g.*, *Fulton v. City of New York*, No. 20-CV-144 (WFK)(MMH), 2023 WL 130826, at *2 (E.D.N.Y. Jan. 9, 2023) ("Discovery related to a class action is appropriate even before the class has been certified."); *Marin v. Apple-Metro, Inc.*, No. 12-CV-5274 (ENV)(CLP), 2023 WL 2060133, at *3 (E.D.N.Y. Feb. 8, 2023) ("It is well established that plaintiffs may be entitled to discovery even though a class has not yet been certified."). Moreover, Defendants fail to acknowledge (but Plaintiffs point out) that the parties entered into Protective Orders, which the Court granted regarding disclosure of privileged or confidential information and is directly on point to the issue of personally identifiable information. (*See* ECF Nos. 46 at 1-2; 53; 140 at 3.)

Therefore, the Court did not overlook Defendants' arguments and reconsideration is denied.

## CONCLUSION

For the foregoing reasons, both (i) Plaintiffs' Motion for Reconsideration (ECF No. 137) and (ii) Defendants' Cross-Motion for Reconsideration (ECF No. 138), are **DENIED**.

 Dated:  Central Islip, New York
           November 5, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

---

[2] As per the current Scheduling Order, the deadline to complete fact discovery related to class certification is December 19, 2025, and the deadline for Plaintiffs to move for class certification is June 19, 2026. (*See* Electronic Order dated 3/21/2025.)